FILED

2010 Jan-27  PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| United States *ex rel.* | ) | |
| | ) | |
| JAMES DYE, Relator | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY DEMANDED |
| MAG INSTRUMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Relator, JAMES DYE, ("Dye" or "Relator"), for his Complaint against Defendant MAG INSTRUMENT, INC. ("Mag" or "Defendant"), alleges as follows:

## NATURE OF THE CASE

1.     This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.     As set forth in detail below, Defendant has violated 35 U.S.C. § 292(a) by marking certain products with patent numbers of expired patents, and, upon information and belief, by marking products with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, by advertising products as "patented" when the products are not covered or protected by any patent, by marking products with numbers that do not correspond to any patent, and by marking products with patents having a scope which does not cover the marked products.  Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

## THE PARTIES

3.     Relator Dye is an individual residing in Jefferson County, Alabama.

4.     Defendant is a California corporation with its principal place of business in Ontario, California.  Defendant's registered agent for service of process is The Corporation Company, 2000 Interstate Pk. Dr., Ste. 204, Montgomery, Alabama 36109.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because, at least in part, Defendant's products that are the subject matter of this Complaint, were and are advertised and offered for sale (and sold) in this District.

7.     Dye brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## GENERAL ALLEGATIONS

8.     Defendant Mag has in the past manufactured and marketed (or caused to be manufactured and marketed) and presently manufactures and markets (or causes to be manufactured or marketed) products for sale to the general consuming public, including flashlights.

9.     Defendant has and continues to market and sell a line of flashlights and other products, including products known as the Maglite® and Mini Maglite®.

10.     The Maglite® and/or its packaging was/is marked with United States patent numbers 4,286,311 ("the '311 Patent"), 4,388,673 ("the '673 Patent") and D263,170 ("the '170 Patent").  *See* photos attached hereto as Exhibit A.

11.     The Mini Maglite® and/or its packaging was/is marked with United States patent numbers 5,003,440 ("the '440 Patent"), 5,113,326 ("the '326 Patent"), 5,143,441 ("the '441 Patent"), and 5,207,502 ("the '502 Patent").  *See* photos attached hereto as Exhibit B.

12.     The '311 Patent, the '673 Patent, and the '170 Patent were all expired, but Mag nevertheless chose to continue using the improper patent markings on the Maglite®, and possibly other products, with the intent to deceive the public and to gain a competitive advantage in the market.

13.     The '440 Patent, the '326 Patent, the '441 Patent, and the '502 Patent were all expired, but defendants nevertheless chose to continue using the improper patent markings on the Mini Maglite®, and possibly other Mag products, with the intent to deceive the public and to gain a competitive advantage in the market.

14.     When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently patented by such expired patent. In other words, the product is unpatented.

15.     Marking products with expired patents is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products, which, in turn, causes harm to the consuming public, including Relator, by quelling product innovation and price competition.

16.     Defendant is a sophisticated company with many decades of experience applying for and obtaining patents, and therefore knows that patents do not have an indefinite duration but, rather, expire.

17.     Defendant knew that the patents marked on the products identified herein were expired.

18.     After the above patents expired, Defendant marked, or caused to be marked, the aforementioned products and/or their packaging with the expired patents numbers.

19.     Defendant knew that the patents marked on the products identified herein were expired during time periods Defendant was marking products with such expired patents.

20.     Because all monopoly rights in an expired patent have terminated, Defendant cannot have any reasonable belief that the products identified herein are patented or covered by the expired patents marked on such products.

21.     By marking the products identified herein with expired patents, Defendant committed numerous violations of 35 U.S.C. § 292(a).

22.     Defendant committed such violations of 35 U.S.C. § 292(a) with an intent to deceive competitors and the public.

23.     Relator seeks an award of monetary damages against Defendant, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## COUNT I: THE '311 PATENT

24.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

25.     United States Patent Number 4,286,311 ("the '311 Patent") (attached hereto as Exhibit C) was filed on December 11, 1978, and issued on August 25, 1981.  The '311 Patent expired at least since December 11, 1998.

26.     Defendants marketed for sale to the public the product known as the Maglite®, marked with the '311 Patent.

27.     Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Maglite® with the '311 patent, and any and all other products marked with the '311 patent, subsequent to the date the patent expired with the intent to deceive the public.

28.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '311 Patent had expired.

29.     Defendant cannot genuinely believe that the patent applies even after it expired.

30.     Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

31.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

32.     Defendant's false marking of products with the '311 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

33.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A.   Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.   Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant Relator such other and further relief as it may deem just and equitable.

## <u>COUNT II: THE '673 PATENT</u>

34.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

35.     United States Patent Number 4,388,673 ("the '673 Patent") (attached hereto as <u>Exhibit D</u>) was filed on June 22, 1981, and issued on June 14, 1983.  The '673 Patent expired on June 22, 2001.

36.     Defendants marketed for sale to the public the product known as the Maglite®, marked with the '673 Patent.

37.     Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Maglite® with the '673 patent, and any and all other products marked with the '673 patent, subsequent to the date the patent expired with the intent to deceive the public.

38.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '673 Patent had expired.

39.     Defendant cannot genuinely believe that the patent applies even after it expired.

40.     Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

41.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

42.     Defendant's false marking of products with the '673 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

43.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A.   Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.     Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant Relator such other and further relief as it may deem just and equitable.

## COUNT III: THE '170 PATENT

44.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

45.     United States Patent Number D263,170 ("the '170 Patent") (attached hereto as Exhibit E) was filed on November 26, 1979, and issued on February 23, 1982.  The '170 Patent expired on February 23, 1996.

46.     Defendants marketed for sale to the public the product known as the Maglite®, marked with the '673 Patent.

47.     Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Maglite® with the '170 patent, and any and all other products marked with the '170 patent, subsequent to the date the patent expired with the intent to deceive the public.

48.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '170 Patent had expired.

49.     Defendant cannot genuinely believe that the patent applies even after it expired.

50.     Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

51.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

52.     Defendant's false marking of products with the '170 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

53.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.     Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant Relator such other and further relief as it may deem just and equitable.

## COUNT IV: THE '440 PATENT

54.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

55.     United States Patent Number 5,003,440 ("the '440 Patent") (attached hereto as Exhibit F) was filed on May 17, 1989, and issued on March 26, 1991.  The '440 Patent expired on May 17, 2009.

56.     Defendants marketed for sale to the public the product known as the Mini Maglite®, marked with the '673 Patent.

57.     Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Mini Maglite® with the '440 patent, and any and all other products marked with the '440 patent, subsequent to the date the patent expired with the intent to deceive the public.

58.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '440 Patent had expired.

59.     Defendant cannot genuinely believe that the patent applies even after it expired.

60.     Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

61.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

62.     Defendant's false marking of products with the '440 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

63.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A.   Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.   Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.   Grant Relator such other and further relief as it may deem just and equitable.

## COUNT V: THE '326 PATENT

64.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

65.     United States Patent Number 5,113,326 ("the '326 Patent") (attached hereto as Exhibit G) was filed on June 21, 1991, and issued on May 12, 1992.  The '326 Patent expired on May12, 2009.

66.     Defendants marketed for sale to the public the product known as the Mini Maglite®, marked with the '326 Patent.

67.     Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Mini Maglite® with the '326 patent, and any and all other products marked with the '326 patent, subsequent to the date the patent expired with the intent to deceive the public.

68.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '326 Patent had expired.

69.     Defendant cannot genuinely believe that the patent applies even after it expired.

70.     Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

71.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

72.     Defendant's false marking of products with the '326 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

73.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A.   Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.     Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant Relator such other and further relief as it may deem just and equitable.

## COUNT VI: THE '441 PATENT

74.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

75.     United States Patent Number 5,143,441 ("the '441 Patent") (attached hereto as Exhibit H) was filed on December 18, 1991, and issued on September 1, 1992.  The '441 Patent expired on September 1, 2009.

76.     Defendants marketed for sale to the public the product known as the Mini Maglite®, marked with the '441 Patent.

77.     Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Mini Maglite® with the '441 patent, and any and all other products marked with the '441 patent, subsequent to the date the patent expired with the intent to deceive the public.

78.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '441 Patent had expired.

79.     Defendant cannot genuinely believe that the patent applies even after it expired.

80.     Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

81.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

82.     Defendant's false marking of products with the '441 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

83.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A.   Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.     Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant Relator such other and further relief as it may deem just and equitable.

## COUNT VII: THE '502 PATENT

84.     Relator re-states and incorporates the foregoing paragraphs as if fully set forth herein.

85.     United States Patent Number 5,207,502 ("the '502 Patent") (attached hereto as Exhibit I) was filed on April 10, 1992, and issued on May 4, 1993.  The '502 Patent expired on May 12, 2009.

86.     Defendants marketed for sale to the public the product known as the Mini Maglite®, marked with the '502 Patent.

87.     Defendants violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the Mini Maglite® with the '502 patent, and any and all other products marked with the '502 patent, subsequent to the date the patent expired with the intent to deceive the public.

88.     Upon information and belief, Defendant knew, on or about the date of expiration, that the '502 Patent had expired.

89.     Defendant cannot genuinely believe that the patent applies even after it expired.

90.     Defendant has falsely marked the products described with the intent to deceive the public, in violation of 35 U.S.C. § 292.

91.     Each false marking on the products identified is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

92.     Defendant's false marking of products with the '502 patent after it expired has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

93.     Defendant wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, Relator demands a trial by jury and requests that the Court enter judgment as follows:

A.   Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.     Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense" (or falsely marked article), or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant Relator such other and further relief as it may deem just and equitable.

## **DAMAGES**

94.     Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from inventing or commercializing competing products.

95.     Upon information and belief, Defendant's marking of its products with the numbers of expired patents, and, upon information and belief, marking with a number that does not correspond to any patent, marking with the numbers of patents which have a scope that does not cover the product, marking with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, and advertising that products are "patented" when no patent protects that product as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products, thereby causing harm to Relator, the United States and the public.

96.     For the reasons set forth herein, and for other reasons that will later be evidenced, Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining its substantial market share with respect to the herein described products.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Relator requests this Court, pursuant to 35 U.S.C. §292, to:

A.     Enter judgment against Defendant and in favor of Relator for the violations alleged in this Complaint;

B.      Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense,"

or an alternative amount as determined by the Court, one-half of which shall be paid to the United

States.

C.      Grant Relator such other and further relief as it may deem just and equitable.


## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: January 26, 2010

Respectfully Submitted,


 /s/  W. Lewis Garrison, Jr.
W. LEWIS GARRISON, JR.
Ala. Bar No. ASB-3591-N74W
wlgarrison@hgdlawfirm.com
TIMOTHY C. DAVIS
Ala. Bar No. ASB-6834-D63T
tdavis@hgdlawfirm.com
JEFFREY P. LEONARD
Ala. Bar No. ASB-2573-J67L
jleonard@hgdlawfirm.com
HENINGER GARRISON & DAVIS, LLC
2224 1ST Avenue North
Post Office Box 11310 (35202)
Birmingham, Alabama 35203
(205) 326-3336
(205) 326-3332 (facsimile)

DOUGLAS BRIDGES
Georgia Bar No. 080889
dbridges@hgdlawfirm.com
HENINGER GARRISON & DAVIS, LLC
1 Glenlake Parkway
Suite 700
Atlanta, GA 30328
(678) 638-6309
(678) 638-6142 (facsimile)

SERVE DEFENDANT BY CERTIFIED MAIL AT:

The Corporation Company
200 Interstate Park Drive, Suite 204
Montgomery, AL  36109