# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES DYE** } | |
| } | |
| Relator/Plaintiff, } | |
| } | |
| v. } | Case No.: 2:10-CV-00167-RDP |
| } | |
| **MAG INSTRUMENT, INC.** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. # 21), filed March 25, 2010. Relator, James Dye, filed an Opposition to the Motion to Transfer (Doc. # 27), to which Defendant has filed a Reply (Doc. # 32). Having considered the matters raised in the parties' briefs and evidentiary submissions, the court concludes that Defendant's Motion (Doc. # 21) is due to be granted.

On January 26, 2010, Relator Dye, a resident of the Northern District of Alabama, initiated this *qui tam* action against Defendant Mag Instruments, Inc. pursuant to 35 U.S.C. § 292(b). (Doc. # 1). Section 292(b) provides that any person may sue for civil monetary penalties for false patent marking as a *qui tam* relator on behalf of the United States. 35 U.S.C. § 292(b). Relator Dye's Complaint alleges seven counts of false patent marking related to Defendant's Maglite® and Mini Maglite® flashlights.[1] (Doc. # 1 at 3-4).

---

[1] Plaintiff's claims involve three patent numbers marked on the Maglite® flashlight and/or its packaging and four patent numbers marked on the Mini Maglite® and/or its packaging. (*See* Doc. #1 ¶ ¶ 10, 11). Plaintiff claims that Mag Instruments, Inc. marked the aforementioned products with expired patent numbers in order to intentionally deceive competitors and the public. (*See* Doc. #1 ¶ ¶ 12, 13).

Defendant's Motion to Transfer argues that this case should be transferred to the Central District of California for the convenience of the parties and witnesses and because this case has little or no connection to this District. (Doc. #21). The Relator's Opposition argues that the case should remain in this court because (1) venue is proper and (2) a plaintiff is entitled to deference regarding his choice of forum. (Doc. # 27).

**I.    Facts**

Defendant, Mag Instrument, Inc., holds or has held numerous patents on its "Maglite®" flashlights. (Doc. # 1 at ¶¶ 10-13). Relator Dye alleges that Defendant is still marking and selling its products with certain patents which he asserts are expired. (Doc. # 1 at ¶¶ 10-13).

Defendant is a California corporation with its principal place of business and headquarters in Ontario, California, within the Central District of California. (Doc. # 1 at ¶ 4; Doc. # 21-1 at ¶¶ 1, 3). Other than its headquarters, Defendant has no other locations. (Doc. # 21-1 at ¶ 3). All of Defendant's management, operational and manufacturing facilities are located in the Central District of California. (Doc. # 21-1 at ¶ 3). All of Defendant products are designed and manufactured in Ontario, California. (Doc. # 21-1 at ¶ 3). All decisions regarding procurement, maintenance and enforcement of patents are made in Ontario, California. (Doc. # 21-1 at ¶ 3). All decisions regarding product packaging are made in Ontario, California. (Doc. # 21-1 at ¶ 3). Key witnesses regarding Defendant's patent marking practices, as well as relevant documents regarding this case, are located in Ontario, California. (Doc. # 21-1 at ¶¶ 2-4).

Between March 1, 2009, and February 28, 2010, less than one and one half percent (1.5%) of the total products Defendant shipped within the United States were delivered to customers located in Alabama. (Doc. #21-1 at ¶ 5). During that same time period, less than one-

twentieth of one percent (0.05%) of bills generated to customers were directed to customers in Alabama. (Doc. #21-1 at ¶ 5).

Relator Dye resides in Jefferson County, Alabama. (Doc. # 1 at ¶ 3). Defendant does not dispute that its items were sold in the Northern District of Alabama. (Doc. # 21 at 9).

**II.    Discussion**

The Supreme Court has emphasized that motions for transfer under § 1404(a) should be decided on "'an individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The decision whether to transfer is left to the broad discretion of the trial court. *See A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1307 (N.D. Ala. 2003).

The analysis of the merits of a § 1404(a) motion to transfer is a two-part inquiry. *See A.J. Taft Coal Co.*, 291 F. Supp. 2d at 1307. First, the court must determine if the case "'might have been brought' in the transferee court." *Id*. Second, the court must determine "whether the balance of factors under § 1404(a) weighs in favor of transferring [the] action to the transferee court." *Id*.

   **A.    This Case "Might Have Been Brought" in the Transferee Court.**

Without question, this case could have been brought in the Central District of California. Defendant is headquartered in Ontario, California, which is within the Central District of California. (Doc. #1 ¶4)  Accordingly, venue would be proper in the Central District of California because Defendant "resides" and can be "found" there. *See* 28 U.S.C. § 1391(b)(1) ("A civil action wherein jurisdiction...[may] be brought [includes] a judicial district where any defendant resides"); 28 U.S.C. § 1395(a) ("A civil proceeding for the recovery of a pecuniary

fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found"). Thus, the first step of the § 1404(a) transfer analysis is satisfied. *See Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) (the first factor was established because the proposed transferee forum was home location for the defendant).

### B. The Balance of Factors Weighs in Favor of Transferring Venue.

The second issue is whether the balance of factors under § 1404(a) weighs in favor of transferring the action to the transferee court. According to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Eleventh Circuit has identified nine factors relevant to a change of venue inquiry:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.2d 1132, 1135 n.1 (11th Cir. 2005) (citing *Gibbs & Hill Inc. v. Harbert Int'l, Inc.* 745 F. Supp. 993, 996 (S.D. N.Y. 1990)). Although the decision to transfer is within the court's discretion, *Norwell v. Dick*, 413 F.2d 1204, 1212 (5th Cir. 1969), in this Circuit, a plaintiff's choice of forum typically is entitled to considerable deference. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

### 1. The convenience of the witnesses.

"The convenience of the witnesses is often said to be the 'most important factor' in deciding whether to transfer." *Gould*, 990 F. Supp. at 1359. The court should focus on the

convenience of "key witnesses," those who have information regarding the liability of the defendant.  *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga 2004) (citing *Matt v. Baxter Healthcare Group*, 74 F.Supp.2d 467, 470 (E.D. Pa. 1999)); *see also Kahhan v. City of Fort Lauderdale,* 566 F.Supp. 736, 739 (E.D. Pa.1983) (The convenience of witnesses has been considered a "particularly significant factor.").

The convenience of parties and witnesses weighs "strongly in favor of transfer" when the majority of witnesses are located in the transferee forum.  *Barnett v. Alabama*, 171 F. Supp. 2d 1292, 1295 (S.D. Ala. 2001).  Nevertheless, "where witnesses reside is only one half of the convenience analysis; the court must also examine whether 'testimony can[] effectively be presented by depositions.'" *American Safety Cas. Ins. Co. v. Bio-Tech Solutions*, *Inc.*, 2007 WL 951529 * 5 (N.D. Ga. 2007) (quoting *Grey. v. Continental Mktg. Assocs., Inc.*, 315 F. Supp. 826, 831 (D.C. Ga. 1970)).  Having said that, Depositions may not be fundamentally inadequate, *American Safety Cas. Ins. Co.*, 2007 WL 951529 at * 5, and "[l]ive testimony is superior to trial by deposition in resolving factual questions." *Dove v. Massachusetts Mut. Life Ins. Co.*, 509 F. Supp. 248 (D.C. Ga. 1981).

Defendant contends that the convenience of witnesses will be better served in the Central District of California because five witnesses who Defendant asserts "will be critical to this case," as well as nine "crucial third-party witnesses," all reside in the Northern District of California.  (Doc. #21 at 10-13) (citing Doc. #1-1).  Defendant states that "[a]mong other subjects, these corporate officers will testify that Mag did not mark its products with an intent to deceive, which is a core issue in this case." (Doc. #21 at 13).  Defendant also claims that "the testimony of additional California-based Mag employees may be required as the case develops." (Doc. #21 at

13).

Relator Dye points out that as a resident in the Northern District of Alabama, he is a key witness in this case. (Doc. #27 at 7). However, he has not pointed to any other significant witnesses located in the Northern District of Alabama. Dye concedes that he anticipates that the depositions of Defendant's employees, as well as any third parties, will likely occur where such persons reside or work, and, "Plaintiff does not intend to change deposition locations depending on the district in which this action is litigated." (Doc. #27 at 7).

Unlike many corporate defendants who have offices scattered all over the country and, thus, may have witnesses from multiple geographical locations, Defendant has provided a list of potential witnesses *all* of whom are located in the Central District of California. (Doc. 18 ¶3; Doc. 21 at 2-3). Although Dye may be inconvenienced if this case were transferred, he has already indicated that he plans to conduct depositions in the proposed transferee district. Therefore, the convenience of witnesses factor weighs strongly in favor of transfer to the Central District of California.

    **2.** **The location of relevant documents and the relative ease of access to sources of proof.**

Defendant has presented evidence which estimates that there are 100,000 documents relevant to the subject matter of this lawsuit located at Defendant's headquarters in California. (Doc. #21-1 ¶ 4). Dye argues that "[d]ocument discovery...can be conducted effectively, efficiently and inexpensively if this case remains in [the Northern District of Alabama]." (Doc. #27 at 5). Dye suggests that, given advances in technology, relevant documents can be exchanged conveniently through digital media. However, it should be noted that the custodians of any of these records would most likely also be located in California. (Doc. # 21-1 at 3).

Plaintiff has identified no relevant documents that are located in Alabama.

An overwhelming majority, if not all, relevant documents are located in the Central District of California. Although digital media allows documents to be easily transferrable, Dye's argument fails to account for any relevant documents that are not already in digital format. With significant discovery yet to occur, the court cannot assume that all relevant evidence is available in easily transferrable digital format. Therefore, the location of relevant documents and the relative ease of access to sources of proof is an appropriate factor for the court to consider and, in this case, weighs in favor of transferring to the Central District of California. *See Harper v. American Airlines, Inc.*, 2009 WL 1605800 * 4 (N.D. Ala. 2009) ([T]he fact that documents and records related to [the plaintiff's claims] are retained primarily at defendant's headquarters in [the transferee district] favors transfer."); *see also Gould*, 990 F.Supp. at 1359 (transferring venue in part because almost a million documents were housed in the transferee venue and it would be difficult to transport or copy these documents to Alabama and would disrupt Defendant's business.); *Irwin v. Zila,* 168 F. Supp. 2d 1294 (M.D. Ala. 2001) (holding transporting or copying 80,000 pages of documents posed a considerable burden).

### 3. The convenience of the parties.

Defendant contends that "all of the acts giving rise to this litigation occurred in the Central District of California, and all witnesses and documents relevant to this patent marking litigation are located in the Central District of California." (Doc. #21 at 4). Defendant's corporate officers are located at its headquarters, over 1,700 miles[2] from the Northern District of Alabama. Thus, travel to this forum would be inconvenient not only for Defendant's witnesses,

---

[2] This is the estimated distance provided by Defendant. (Doc. #32 at 4).

but also for their corporate officers. *See Gould*, 990 F. Supp. at 1359 (weighing this factor in favor of transfer because key officers of defendant were located in transferee venue); *see also Barnett* 171 F. Supp at 1295 (concluding that convenience of parties and witnesses weighed "strongly in favor of transfer" when the majority of witnesses were located in the transferee forum). As noted above, Dye indicates that depositions of Defendant's employees and third parties will likely occur where these persons reside, thus indicating that he and/or his counsel already intend to travel to the transferee district. Thus the convenience of the parties factor weighs in favor of transfer. *See Ardco Inc. v. Page, Ricker, Felson Marketing, Inc.*, 25 U.S.P.Q. 2d 1382, 1382-87 (N.D. Ill. 1992)) (despite plaintiff corporation's filing patent case in district where its headquarters and principal place of business were located, motion to transfer to Central District of California was granted because "[a]ll of [defendant's] activities in researching, designing, building prototypes, and manufacturing… occurred in the Central District of California… [and] almost all of the many witnesses who will be called by [defendant] to prove its case" are located in California).

    **4.**    **The locus of operative facts**

Courts in the Eleventh Circuit have held that "when 'the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration.'" *Gould*, 990 F. Supp. at 1358 (quoting *Garay v. BRK Electronics*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991)); see also *A.J. Taft*, 291 F. Supp. 2d at 1310. And in cases involving patents, it has been said that "[t]he trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Pergo, Inc. v. Shaw Indus., Inc.*, 2003 WL 24129779, *3 (N.D. Ga. 2003) (quoting *AMP Inc. v. Burndy of Midwest, Inc.*, 340 F. Supp. 21, 24-25 (N.D. Ill.1971)); see also *Trace-Wilco Inc. v.*

*Symantec Corp.*, 2009 WL 455432 *2 (S.D. Fla. 2009) ("In patent infringement actions, the preferred forum is "that which is the center of gravity of the accused activity' (quoting *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 482 (D. N.J. 1993)).

All of Defendant's management, operational, and manufacturing facilities are located in Ontario, California. (Doc. #21-1 at ¶ 5). Accordingly, all decisions concerning Defendant's patent marking were made in the Central District of California, and all of the products whose packaging is marked with its patents were manufactured in the Central District of California. (Doc. #21-1 at ¶ 5). Although Defendant does not dispute that it sells the products at issue in this forum, courts have failed to recognize mere sales as a sufficiently substantial connection to the forum, particularly where a defendant's goods are sold in many states and sales in the forum represent a small percent of overall sales. *See Corioliss, LTD., v. Coriolis USA, Inc.*, 2008 WL 4272746 *2 (S.D. Fla. 2008) (giving little weight to plaintiff's choice of forum which represented .75% of the defendant's overall annual sales). Defendant's sales in Alabama constitute only 1.5% of its overall nationwide sales, and less than one-twentieth of one percent (0.05%) of bills generated to customers were directed to customers in Alabama. *Id*. Therefore, the locus of operative facts factor weighs strongly in favor of transferring to the Central District of California.

     5.     **<u>The availability of process to compel the attendance of unwilling witnesses.</u>**

Rule 45 of the Federal Rules Civil Procedure states in relevant part that:

> A subpoena may be served at any place: (A) within the district of the issuing court; (B) outside the district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection; (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or (D) that

the court authorizes on motion and for good cause, if a federal statute so provide.

The vast majority of identified witnesses are well outside of the subpoena power of the Northern District of Alabama. Where witnesses are outside the subpoena power of the court, this factor weighs in favor of transfer to a forum which would have that power. "[T]hird party witnesses... are beyond the subpoena power of this court; therefore, the parties would be severely handicapped if forced to litigate in [plaintiff's choice of] forum." *DaRocha v. Bell Helicoptor Textron, Inc.*, 451 F. Supp. 2d 1318, 1324 (S.D. Fla. 2006).

All currently identified witnesses would be within subpoena authority of the Central District of California and could be compelled to appear to testify there. Admittedly, Relator Dye resides outside of the Central District of California's subpoena authority. However, he has already indicated his intention to depose witnesses in that District and presumably has the motivation to testify in support of his own claims in that District. Therefore, the availability of process to compel the attendance of unwilling witnesses factor weighs strongly in favor of transferring to the Central District of California.

  **6.**  **The relative means of the parties.**

Relator Dye is an individual. Defendant is a corporation. Thus, at first glance, it would appear that the relative means of the parties would favor Plaintiff's choice of forum. However, in a *qui tam* action, the real party in interest is the United States. Dye has indicated his intention to conduct discovery in the proposed transferee district and has not advanced any argument that the parties' relative means is an issue. Therefore, the relative means of the parties factor is a neutral factor.

  **7.**  **A forum's familiarity with the governing law.**

The instant action is based upon a federal patent statute (35 U.S.C. § 292(b)). Questions

of federal law may be applied by any federal court. Neither party argues that one forum has more familiarity with the governing law than the other. Therefore, the forum's familiarity with the governing law factor is a neutral factor.

### 8. The weight accorded to plaintiff's choice of forum.

As a general matter, the court should give deference to a plaintiff's choice of forum, especially when it is in the district where the plaintiff resides. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235 (1981). Defendant argues, however, that in this instance, Plaintiff is not entitled to the usual deference given the master of a complaint:

> [W]here there are hundreds of potential plaintiffs, all equally entitled to voluntarily invest themselves with the… cause of action and all of whom with equal right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.

*Koster v. Lumbermens Mut. Cas. Co.*, 300 U.S. 518, 528 (1947) (determining weight accorded to plaintiff's choice of form in a shareholder's derivative action) (Doc. #21 at 6). Defendant suggests that the Supreme Court's reasoning in *Koster* is applicable in a *qui tam* action such as the present one, and adds that the United States, not Relator Dye, is the real party plaintiff in interest. *Timson v. Simpson,* 518 F.3d 870, 873 (11th Cir. 2008) (Doc. #21 at 6). Defendant also argues that because this is a *qui tam* action, the Relator's choice of forum is due less deference than in other cases.

Dye responds to this assertion by arguing that the false marking statute is similar to other statutes where venue is not determined by reference to the general civil action venue provisions of 28 U.S.C. § 1391, but rather by special venue provisions that would accord a plaintiff's choice of forum somewhat greater weight than would typically be the case. (Doc. #27 at 3). However,

Dye cites no authority to suggest that venue under 35 U.S.C. § 292 is determined by special provisions.

The Relator also argues that the legislative history of the false marking statute supports his position that he should be allowed to prosecute his false marking action in a district other than where the false marking occurred. The false marking statute was originally codified at 35 U.S.C. § 50. *See Harrington*, 2008 WL 2893098 at *1; *Maskery v. Kopp*, 412 F. Supp. 388, 289 (D.C. Conn. 1976). In 1952, the false marking statue was amended and recodified at 35 U.S.C. § 292. *Id*. The predecessor statute contained its own venue provision which provided that venue in false marking cases was *only* proper where the false marking offense was committed, *i.e.,* the place of the actual stamping or affixing of the offensive patent marks. *Maskery*, 412 F. Supp. at 389. When the false marking statute was amended and recodified, 35 U.S.C. § 50's special venue provision was removed. *Id.* As a result, the special venue provision of 28 U.S.C. § 1395 – providing that venue is proper in any district where the defendant may be "found" – became applicable to false marking claims. *Id.* However, to be clear, the dispute here is not whether venue is proper in this district. The issue is whether matters of convenience weigh in favor or transfer.

The majority of factors other than a plaintiff's choice of forum all weigh in favor of transfer to the Central District of California. "[T]here is substantial persuasive authority supporting Defendant's position that a plaintiff's choice of forum is entitled to less weight in a *qui tam* action." *San Francisco Technology, Inc. v. The Glad Products Co.*, 2010 WL 2943537, *7 (N.D. Cal. 2010) (citing *Harrington*, 2008 WL 2893098, at *1) (holding that a plaintiff's choice of forum may be accorded less weight in the context of a *qui tam* false marking action); *U.S., ex rel. Roop v. Arkray USA, Inc.*, 2007 WL 844691 *2 (N.D. Miss, 2007) ("federal district

courts throughout the nation have held that, in *qui tam* actions, the plaintiff's choice of venue is not entitled to the same level of deference as in other actions.") (citing *U.S. ex rel. Adrian v. Regents of University of California,* 2002 WL 334915, *3 (N.D. Cal. 2002) ("a plaintiff's choice of forum is not given substantial weight when the plaintiff is a *qui tam* relator, asserting the rights of the United States government.")); *see also U.S. ex rel. Haight v. Catholic Healthcare West,* 2001 WL 1463792, *2 (N.D. Cal. 2001) (the fact that "the United States, rather than relators, is the real party in interest ... lessen[ed] the deference traditionally accorded the plaintiffs' choice of forum."); *U.S. ex rel. Swan v. Covenant Care, Inc.,* 1999 WL 760610, *3 (N.D. Cal. 1999) ("plaintiffs here are also suing in the name of another, the United States ... thus, plaintiff's choice of forum is entitled to little consideration."); *U.S., ex rel. Penizotto v. Bates East Corp.,* 1996 WL 417172 at *2 (E.D. Pa. 1996); *United States ex rel LaValley v. First Nat'l Bank of Boston,* 625 F.Supp. 591, 594 (D. N.H. 1985) (plaintiffs' choice of forum "should be given relatively little weight" in a *qui tam* action)).[3] Dye does not attempt to distinguish the current situation from any of these cases. In fact, Dye relies heavily on *Harrington* (attaching the opinion to his response as exhibit A) which acknowledges that the relator's choice of forum is "no doubt diminished under a false marking action." 2008 WL 2893098 at *1. (Doc. #27-1).

Dye asserts that a *qui tam* relator should not be forced in every case to bring a false marking claim in the district where the defendant's allegedly false marking occurred. Although that is, of course, a correct legal proposition, it does not suggest that deference should be given

---

[3] *Harrington* and *San Francisco Technology* are the only cases that involve a *qui tam* action concerning a *false marking* statute. The court in *Harrington* concluded that, "given the apparent equality of interests revealed by the factors, Defendant has not met its burden [of establishing the case for transfer]." 2008 WL 2893098 at *3. The court in *San Francisco Technology* concluded that, "[t]aking all of the relevant factors into consideration, the Court concludes that the 'convenience' and 'justice' factors tip strongly in favor of granting each of the instant motions to transfer. 2010 WL 2943537 at * 12.

to Dye's choice of forum in this type of case. Rather, Section 292 simply increases the number of fora in which a false marking claim may be brought. The weight to be accorded to Dye's choice of forum is not as significant as is typically given to a plaintiff who selects an appropriate forum. Indeed, in this case, it weighs only slightly against transfer to the Central District of California.

        **9.**      **Trial efficiency and the interests of justice, based on the totality of the circumstances.**

The Supreme Court has stated that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). Moreover, there is an interest in "having localized controversies decided at home." *Id*. at 509. A forum has an interest in demanding that its resident corporations adhere to a level of protocol in conducting their business activities, especially when the alleged misdeeds took place within that forum. *See Irwin v. Zila, Inc.*, 168 F.Supp.2d 1294, 1297 (M.D. Ala. 2001) (determining that a securities class action alleging fraudulent misrepresentations should be transferred); *see also Culp v. Gainsco, Inc.*, 2004 WL 2300426, *7 (S.D. Fla. 2004).

Defendant argues that transferring this matter to the Central District of California will serve the interests of justice because the citizens of California have a greater interest in this dispute than the citizens of Alabama. (Doc. #21 at 15). Furthermore, Defendant claims that the State of California has an interest in monitoring its corporations to ensure they establish policies and procedures that protect its citizenry. (Doc. #21 at 16).

Plaintiff disagrees that either the Central District of California or the Northern District of Alabama have a relatively greater interest in this case. Citing to *Harrington*, plaintiff argues,

"[t]he United States has an interest in seeing that its patent laws are enforced; this interest is served no matter where the litigation is pursued, and is presumably just as important to this District's United States Attorney as it is to that of [any transferee district]." 2008 WL 3893098 at *2.  (Doc. #27 at 7).

This court and the Central District of California share the same level of interest in this type of case.  However, the totality of the circumstances weighs in favor of transfer to the Central District of California, which has a greater interest in policing its domestic corporations and the decisions made within that district.  *See* 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3854 (3d ed. 2007) ("the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus of operative facts and consequently may have a particular interest in the proper resolution of the dispute"); *Thornton Drilling Co. v. Stephens Prod. Co.*, 2006 WL 2583659, *4 (E.D. Ark. 2006). Therefore, the trial efficiency and the interests of justice factor, based on the totality of the circumstances, weighs in favor of transferring to the Central District of California.

### IV.   Conclusion

An analysis of the relevant factors weighs in favor of transfer to the Central District of California.  Therefore, Defendant Mag Instrument, Inc. And carried its burden and its Motion to Transfer is due to be granted.  A separate order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ___28th___ day of October, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE